RICHARD L HOLCOMB (HI Bar No. 9177)
Holcomb Law, A Limited Liability Law Corporation
1136 Union Mall, Suite 808
Honolulu, HI 96813
Telephone: (808) 545-4040
Facsimile: (808) 356-1954
Email: rholcomblaw@live.com

ALAN BECK (HI Bar No. 9145)
Attorney at Law
4780 Governor Drive
San Diego, California 92122
Telephone: (619) 971-0414
Email: ngord2000@yahoo.com

Attorneys for Plaintiff Christopher Baker

# UNITED STATE COURT OF APPEALS

# NINH CIRCUIT

| | |
|---|---|
| CHRISTOPHER BAKER, )<br> )<br>    Plaintiff, )<br> )<br> vs. )<br> )<br>LOUIS KEALOHA, as an individual and )<br>in his official capacity; )<br>CITY AND COUNTY OF HONOLULU; )<br> )<br>    Defendants. )<br>_____ )<br>_____<br>_____<br>_____ | No. 12-16258<br><br>CASE NO. CV 11-00528<br>RESPONSE TO DEFENDANT'S<br>NOTICE OF SUPPLEMENTAL<br>AUTHORITY |

## **Response to Defendant's Notice of Supplemental Authority**

COMES NOW THE PLAINTIFF-APPELLANT, Christopher Baker, and submits this Response to Defendants' Notice of Supplemental Authority. Defendants submitted as supplemental authority the Ninth Circuit's recent decision in *United States v. Chovan*, No. 11-50107. Defendants correctly note that the Court adopted a two-step framework for Second Amendment claims. Defendants further suggest that intermediate scrutiny is the appropriate level of scrutiny to be applied to Mr. Baker's claims. Mr. Baker does not dispute this. However, Mr. Baker does dispute Defendants' contention that the lower court applied intermediate scrutiny in deciding Mr. Baker's claims.

In fact the lower court explicitly declined to apply a level of scrutiny in deciding Mr. Baker's claims and merely suggested in dicta that intermediate scrutiny *might* be an appropriate level of scrutiny.

> Additionally, the Court concludes that even if the Hawaii Revised Statutes at issue in this litigation were found to implicate protected Second Amendment activity, and therefore were subject to that the challenged statute fails to be "substantially related to an important government objective." *Baker v. Kealoha,* Civ. No. 11-00528 ACK-KSC (D. Haw. Jun. 19, 2012).at 54.

The lower Court found no need to adopt a level of scrutiny because it declined to accept Mr. Baker's argument that the Second Amendment confers a right outside the home.

The Court acknowledges Plaintiff's argument, however in light of the uncertainty surrounding Heller, the Court joins other courts in awaiting direction from the Supreme Court with respect to the outer bounds of the Second Amendment. *See Masciandaro*, 638 F.3d at 475. *Id* at 45.

Once again, Mr. Baker asks that this Court find the lower Court applied an erroneous legal standard in determining the constitutionality of HRS § 134-9 and HRS § 134-51's complete ban on the carrying of batons.

Respectfully submitted this 25th day of November, 2013

s/ Alan Beck_____
Alan Beck (HI Bar No. 9145)

## <u>CERTIFICATE OF SERVICE</u>

On this, the 25th day of November, 2013, I served the foregoing pleading by electronically filing it with the Court's CM/ECF system, which generated a Notice of Filing and effects service upon counsel for all parties in the case.
I declare under penalty of perjury that the foregoing is true and
correct.
Executed this the 25th day of November, 2013

s/ Alan Beck_____
Alan Beck (HI Bar No. 9145)